UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-CV-08556-PD                             Date: December 22, 2025

Title    _Sandro Miller v. Doom Incorporated_

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

|  Isabel Verduzco  |  N/A  |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:

Not present                             Not present

**Proceedings (In Chambers):**    **Order to Show Cause Re Service of Process on Defendant**

On September 10, 2025, Plaintiff Sandro Miller ("Plaintiff") filed a complaint against Defendant Doom Incorporated ("Defendant"). Dkt. No. 1. On September 19, 2025, the Clerk issued a summons for Defendant. Dkt. No. 8.

On November 7, 2025, Plaintiff filed a motion for leave to serve Defendant via the California Secretary of State, Dkt. No. 10, which the Court denied without prejudice on November 14, 2025. Dkt. No. 11. The Court found that Plaintiff failed to show reasonable diligence to serve Defendant's registered agent because Plaintiff had not attempted to contact him or give notice using the email address and telephone numbers contained in the skip trace report that it acquired. _Id._

More than ninety days have passed since Plaintiff filed the complaint. Yet Plaintiff has not filed a proof of service reflecting that it served Defendant, nor filed an amended motion to serve Defendant by alternate means. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-08556-PD                                Date: December 22, 2025

Title   _Sandro Miller v. Doom Incorporated_

ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period." _Id._

    Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, by **January 9, 2026**, why service was not timely made on Defendant, and why this case should not be dismissed without prejudice for failure to effectuate service and for lack of prosecution. Failure to timely file a written response to this Order may result in dismissal of this action against Defendant for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order. _See_ Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.